IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| RUSSELL STEPHENSON, | § | |
| | § | |
| V. | § | CIVIL ACTION NO  G-03-443 |
| | § | |
| OFFICER HARRISON | § | |

## REPORT AND RECOMMENDATION

Plaintiff Russell Stephenson, proceeding pro se, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. On August 19, 2004, the District Court dismissed all claims of property deprivation, harassment and retaliation as frivolous, and final judgment was entered. Plaintiff filed a timely appeal and on July 22, 2005, the United States Court of Appeals for the Fifth Circuit affirmed the Court's findings on the issues of property deprivation and harassment and vacated and remanded the cause on the retaliation issue. Now before the Court is the Motion for Summary Judgment of Defendant Officer Harrison, to which Plaintiff has filed a response. Having reviewed all relevant pleadings and summary judgment evidence, this Court makes the following recommendation to the District Court.

In this case, Plaintiff alleges that Defendant violated his constitutional right of access to courts by tearing up three photographs of his family in retaliation for his filing a lawsuit against Lt. Trahan, a colleague of Harrison's.

It is well established that prison officials may not retaliate against an inmate because that inmate exercised a right (generally flowing from protections provided by the First Amendment) guaranteed to him under the constitution. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995),

1

Case 3:03-cv-00443   Document 45   Filed in TXSD on 04/26/07   Page 2 of 6

*cert. denied*, 516 U.S. 1084 (1996). The Fifth Circuit has specifically held that prison officials may not retaliate against an inmate for exercising the right of access to the courts. *See Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006). The latitude afforded prison officials in the control and discipline of inmates "does not encompass conduct that infringes on an inmate's substantive constitutional rights." *Woods,* 60 F.3d at 1166. The Fifth Circuit has also emphasized, nevertheless, that claims of retaliation from prison inmates must be regarded with skepticism, lest federal courts embroil themselves in every disciplinary or policy action that occurs in penal institutions. *See id.* An inmate must therefore demonstrate more than his personal belief that he is being retaliated against. *See Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999). "To state a valid claim of retaliation, a prisoner must allege facts which establish (1) that he exercised a specific constitutional right, (2) the Defendant had the intent to retaliate against him for his exercise of that right, (3) a retaliatory adverse act occurred, and (4) causation. *Morris,* 449 F.3d at 684, *quoting McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). "[I]f the inmate is unable to point to a specific constitutional right that has been violated, the claim will fail. *Jones*, 188 F.3d at 324-25.

Although prisoners have a right of access to the courts, the right encompasses only a reasonable opportunity to file nonfrivolous legal claims challenging their convictions or confinement. *See Johnson v. Rodriguez*, 110 F.3d 299, 310-11 (5th Cir. 1997). "If such a liberty interest is indeed established by prison regulations, then retaliation against a prisoner for the exercise of it creates a valid claim" under Section 1983. *Jackson v. Cain*, 864 F.2d 1235, 1249 (5th Cir. 1989). With respect to the "quantum" of retaliation necessary to support a Section 1983 claim, the Fifth Circuit has embraced a holding by the District of Columbia Circuit that, in the

context of First Amendment claims, an inmate's retaliation claim must allege acts that would "chill or silence a person of ordinary firmness from future First Amendment activities." *Morris*, 449 F.3d at 684, quoting *Crawford-El v. Britton*, 93 F.3d 813, 826 (D.C. Cir, 1996)(en banc), vacated on other grounds, 523 U.S. 574 (1998).

Having reviewed all summary judgment evidence, this Court is of the opinion that Plaintiff has failed to establish all the elements necessary to support a retaliation claim. Although Plaintiff filed a lawsuit in 2001 against Lt. Trahan, he has presented no evidence that this "caused" Harrison to destroy his photographs. As stated by Harrison in his sworn affidavit[1] and by Plaintiff, Harrison was present in Plaintiff's cell to inspect paperwork that Plaintiff stated he possessed which granted him permission to own cowboy boots. Harrison also states in his affidavit that while in Plaintiff's cell, he observed contraband such as water bottles and soda cans, and Plaintiff agreed with this statement in his response to Defendant's summary judgment motion. Having noticed the contraband, Harrison, as part of his daily duties, decided to search Plaintiff's cell and asked Plaintiff to wait in the dayroom for safety (of the officer) reasons. In his sworn affidavit, Harrison declares that he threw away the nuisance contraband, (water bottles and soda cans), saw no reason to file a disciplinary report against the Plaintiff, and never destroyed any of Plaintiff's personal property, including the photographs. In his response to Defendant's summary judgment motion, Plaintiff references the affidavits of three inmates (filed within a motion for appointment of counsel[2]) who state they saw Harrison ransack Plaintiff's cell and/or destroy photographs.

---

[1] *See* Defendant's Motion for Summary Judgment, Exhibit B.

[2] Document No. 42, filed June 13, 2006.

Plaintiff asserts that Defendant destroyed three of his personal photographs because he had filed a lawsuit against Defendant's colleague, Lt. Trahan, two years prior to the alleged instant act of retaliation. In an Order for Answers to Interrogatories, the Court asked Plaintiff to state specific facts to support this claim. Plaintiff was unable to do so, stating that "inmate filing complaints against TDCJ-ID employees is common knowledge and discussed in the prison environment. Lt. Michael Trahan was Harrison's immediate supervisor."[3] In his sworn affidavit, however, Defendant asserts that he never knew Plaintiff had filed a lawsuit against Trahan in 2001 and that he has no knowledge of which inmates have filed suits against other prison officials. Defendant further asserts that he works with Trahan but is not a personal friend and that Trahan would have no reason to tell him about the lawsuit. The Court, having examined the lawsuit labeled as retaliatory animus for the alleged actions of Trahan, has little if any reason to doubt the veracity of Trahan's assertions. *Russell Stephenson v. Lupe Lozano, et al.*, filed July 12, 2001 against Defendants Lozano, Trahan and Mounsey, was dismissed with prejudice as frivolous under 28 U.S.C. § 1915(e)(2) by Order of the District Court on January 29, 2004. No Defendant was ever ordered to answer in the suit; therefore, it is highly unlikely that any Defendant ever knew that the suit had been filed, having never received notice of such.

In order to demonstrate Defendant's intent to retaliate against him for exercising his constitutional right to access to courts, Plaintiff must produce direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred. *Woods,* 60 F.3d at 1166. Based on the summary judgment evidence, Plaintiff has failed to produce any direct

---

[3] *See* Plaintiff's Answers to Interrogatories, document no. 30, filed November 8, 2005.

evidence that Defendant intended to retaliate against him for filing a lawsuit against Trahan, nor is there a chronology of events from which retaliation may be inferred, especially in light of the fact that the lawsuit against Trahan was filed by Plaintiff almost two years prior to the incident made the basis of this suit, and it was dismissed without the need for an order to answer against any Defendant.

The Fifth Circuit has held that "[r]etaliation against a prisoner is actionable only if it is capable of deterring a person of ordinary firmness from further exercising his constitutional rights. *Morris*, 449 F.3d at 686. In his Answers to Interrogatories, Plaintiff included copies of grievances that he filed subsequent to the instant suit, and he was clearly not deterred from prosecuting this lawsuit. There is simply no evidence to suggest that the actions of Defendant prevented, chilled or otherwise interfered with Plaintiff's right of access to courts. Plaintiff has failed to state a cognizable claim of retaliation against Defendant Harrison.

For the foregoing reasons, it is the **RECOMMENDATION** of this Court that Defendant's Motion for Summary Judgment be **GRANTED** and the instant case be **DISMISSED with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2).**

The Clerk shall send a copy of this Report and Recommendation to the Plaintiff by the means in place for transmission of same. The Plaintiff shall have until **May 14, 2007**, to have written objections **physically on file** in the office of the Clerk. <u>The objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at P.O. Drawer 2300</u>. Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be forwarded to the District Judge for

consideration. Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

      **DONE** at Galveston, Texas, this the   26th   day of April, 2007.

                                                    John R. Froeschner
                                                United States Magistrate Judge